IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Benjamin L.,**

      **Plaintiff,**

  v.                                    Civil Action 3:22-cv-00254
                                           Magistrate Judge Kimberly A. Jolson

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1). (Doc. 17). For the following reasons, the Motion is **GRANTED**. Richard F. Brian shall be awarded attorney's fees in the amount of $18,739.04. Because he previously received attorney's fees under the Equal Access to Justice Act ("EAJA"), any amount received under the EAJA shall be returned to Plaintiff to prevent double recovery of fees. *See Jankovich v. Brown*, 886 F.2d 867 (6th Cir. 1989).

**I.    BACKGROUND**

Plaintiff filed his Complaint on September 2, 2022, seeking judicial review from this Court of the Social Security Administration's ("SSA") denial of Social Security benefits. (Doc. 1; *see also* Doc. 4 (noting that if no party withheld consent to Magistrate Judge jurisdiction, the case would remain assigned to the Magistrate Judge for all matters under General Order 22-04)). On June 9, 2023, the Court entered judgment in favor of Plaintiff, reversed the Commissioner's non-disability finding, and remanded the case to the Commissioner under Sentence Four of § 405(g). (Docs. 11, 12). Following remand, the Court granted Plaintiff $6,619.22 in attorney's fees. (Doc. 14).

Attorney Brian now moves for an award of attorney's fees in the amount of $18,739.04 under 42 U.S.C. § 406(b)(1). (Doc. 17-1). His Motion is ready for consideration. (*See* Doc. 20).

## II. STANDARD

In Supplemental Security Income ("SSI") or Disability Insurance Benefit ("DIB") cases, the Court is authorized to award attorney's fees following a successful Social Security disability appeal. *See* 42 U.S.C. §§ 406(b)(1), 1383(d)(2). Such contingency fees (1) may not exceed 25 percent of the past-due benefits, which the claimant receives as a result of an appeal, and (2) must additionally be reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 802 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for the court's review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A twenty-five percent contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* A windfall can never occur when "the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). Additionally "[a] hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id.*

## III. DISCUSSION

As stated, the Court previously awarded Plaintiff $6,619.22 in attorney's fees under the

2

EAJA. (Doc. 17-1). Now, counsel requests fees under 42 U.S.C. § 406(b)(1) and his contingency fee agreement with Plaintiff in the amount of $18,739.04. (*Id.*). Attorney Brian provides the relevant fee agreement, Plaintiff's SSD and SSI Notices of Award, evidence of the standard hourly rate for work performed in the relevant market, and time sheets documenting the time attorneys and paralegals spent on Plaintiff's case. (Docs. 17-2, 17-3, 17-4, 17-5). The Court finds the amount requested to be reasonable and does not result in a windfall.

To begin, according to Plaintiff's SSD Notice of Award, past due SSD benefits for August 2020 to August 2025 was $73,897.00. (Doc. 17-1 at 2; *see also* Doc. 17-3 at 2–7). And, according to Plaintiff's SSI Notice of Award, past due benefits for May 2020 to July 2020 was $1,059.15. (Doc. 17-1 at 2; *see also* Doc. 8–32). Total past due benefits, then, is $74,956.15. And twenty-five percent of that amount is $18,739.04. This is the maximum amount of attorney's fees permissible under 42 U.S.C. § 406(b)(1). And Attorney Brian provides that he entered into a valid contingency agreement with Plaintiff which states that "the attorney shall change and receive as the fee an amount equal to twenty-five percent of the past due benefits awarded to Plaintiff and his family if he won his case." (Doc. 17-1 at 1–2; *see also* Doc. 17-2).

The Court must consider whether $18,739.04 is reasonable or otherwise would be a windfall. To this end, Attorney Brian states that the attorneys and paralegals who worked on Plaintiff's case worked a total of 34.4 hours. (Doc. 17-1 at 2; *see also* Doc. 17-5). Of that total, 5.5 hours were paralegal time, and 28.9 hours were attorney time. (*Id.*). Upon review of the timesheets submitted with this Motion, the Court finds the time Plaintiff's counsel devoted to this matter reasonable.

He further notes the paralegal billing rate is $80.00 per hour, which has also been found to be a reasonable rate for paralegal services in this context. (*Id.*); *see Jearame B. v. Comm'r of Soc.*

*Sec.*, No. 1:21-cv-228, 2023 WL 1861429, at *2 (S.D. Ohio Feb. 9, 2023). Here too, the Court finds $80.00 per hour reasonable. *See also Amanda Mary B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1036, 2024 WL 3337772, at *2–3 (S.D. Ohio July 9, 2024) (finding counsel's requested fee reasonable based on the hypothetical hourly rates of $80 per hour for paralegal work), *report and recommendation adopted sub nom. Amanda B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1036, 2024 WL 3696373 (S.D. Ohio Aug. 7, 2024).

Turning to attorney work, Attorney Brian calculates the effective hourly rate at $633.18. (*Id.*). To reach this number, he multiplied the 5.5 paralegal hours by the $80 per hour billing rate, subtracted that number from $18,739.04, and then divided the difference by the 28.9 hours of attorney work. (*Id.*). This rate is also reasonable for a few reasons. First, this Court has found similar attorney rates reasonable in Social Security cases with a contingency fee agreement. *See Twyla D. v. Comm'r of Soc. Sec. Admin.*, No. 3:19-CV-368, 2025 WL 715510, at *2 (S.D. Ohio Mar. 6, 2025) (approving a hypothetical hourly rate of $728.60 and collecting cases).

Additionally, Attorney Brian provided documentation demonstrating that the mean hourly rate for attorneys in Ohio in Elder law/Public benefits/ERISA cases was $316 in 2023. (Doc. 17-4 at 42). The Sixth Circuit has recognized that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. While counsel's hourly rate of $633.18 is just over double the standard rate in the relevant market, the Court cannot say that the additional $1.18 per hour transforms counsel's ask into a windfall. Notably the Commissioner does not object to effective hourly rate or any other aspect of the Motion. (Doc. 20). Therefore, the Court concludes counsel's requested fee is reasonable.

4

Accordingly, the Court **GRANTS** the Motion.

As a final matter, Attorney Brian represents that, because he previously received attorney's fees under EAJA, any amount received will be returned to Plaintiff to prevent double recovery of fees. (Doc. 17-1).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Doc. 17) is **GRANTED**, and Plaintiff's counsel is awarded a fee of $18,739.04. Because he previously received attorney's fees under the EAJA, counsel is **ORDERED** to remit to Plaintiff any amount received under the EAJA to prevent double recovery of fees.

IT IS SO ORDERED.

Date: November 26, 2025                     /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE